EASTERN DIS.
June, 1834.

PERCY
vs.
MILLAUDON
ET ALS

## IN THE MATTER OF PERCY vs. MILLAUDON ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the appeal bond at the time of filing the appeal does not contain the names of the obligees or the style of the suit and judgment appealed from, it is insufficient, and the appeal will be dismissed.

If an appeal bond was null at the time the appeal was brought up, it cannot be made valid afterwards by filling up the blanks.

PERCY
vs.
MILLAUDON
ET ALS.

A tableau of distribution of 1076 shares of stock belonging to all the stockholders of the late Planter's Bank, as well plaintiffs as defendants in the suit of *Percy et als.* vs. *Millaudon et als.* 3 *La. Rep.* 568, was presented for homologation: the said stock amounting to ten thousand two hundred and thirty-six dollars, with interest thereon and bank notes in the hands of Millaudon and others, amounting to eight thousand five hundred and eighty-eight dollars and forty cents, making an aggregate of capital to be divided of twenty-two thousand four hundred and ninety dollars 27 cents. From this it is proposed to deduct four thousand nine hundred and ninety dollars for attorney's fees, commissions of agents, advertising, homologation of tableau, &c., leaving a netbalance of seventeen thousand five hundred dollars, the amount of said shares to be divided among the stockholders.

This tableau was opposed by about thirty of the stockholders and owners of five hundred and seventy-nine shares of the capital stock of said bank, on the ground that they being defendants in this matter, were charged conjointly with the plaintiffs for the fees and commissions and other expenses incurred in the proceedings against them, and for which they are in no manner bound. They pray that these sums be deducted from the amount of capital, accruing to those who employed said agents &c., and that the sum of six thousand three hundred and fifteen dollars as interest from the 8th April, 1826, on their share of the capital stock be allowed them, and that the tableau be amended in this respect.

The opposition was overruled, and Millaudon, Lanna, and Abat appealed.

The appeal was made returnable to the 4th Monday in April, 1834, and the record filed accordingly.

The appeal bond as it comes up in the record, is signed with the names of the appellants by their attorney on record, and by the surety in person; but the name and style of the

EASTERN DIS.
June, 1834.

PERCY
vs.
MILLAUDON
ET ALS.

suit and judgment appealed from, is left blank, as also the names of the obligees intended by the bond.

*Hennen* and *Barton*, for the appellees moved to dismiss the appeal, because it was not made returnable on the first day of the April term, instead of the fourth Monday, &c., and finally that there is no appeal bond as required by law.

*Macready*, for the appellants contended, that the appeal should not be dismissed, but that a *certiorari* should be awarded to make the record perfect. The defect in the bond is a clerical error which can be corrected by sending the record back to the lower court.

BULLARD, J., delivered the opinion of the court.

The appellees move to dismiss the appeal in this case, on several grounds, and among others that there is no appeal bond. The copy of a paper purporting to be a bond in the transcript does not contain the names of any obligees, nor does it state in what suit it is given.

*Where the appeal bond at the time of filing the appeal does not contain the names of the obligees or the style of the suit and judgment appealed from, it is insufficient, and the appeal will be dismissed.*

In answer to this objection, the counsel for the appellants has produced the original bond annexed to the petition of appeal, in which the names of the appellees are inserted and the other blanks filled up with the style of the suit, and reference to the judgment rendered in this case. It is, however, admitted that the blanks were filled after the transcript was filed in this court. The clerk certifies that the copy in the transcript is a true copy of the bond at *that* time. We can only inquire whether the bond was at the time the appeal was taken, such a one as the law requires.

*If an appeal bond was null at time the appeal was brought up, it cannot be made valid afterwards by filling up the blanks.*

The Code of Practice requires that the bond should be in favor of the appellees, art. 575. A blank bond is not sufficient. If the bond was null at the time the appeal was brought up, itcannot be made valid afterwards by filling up the blanks without the consent of the appellees.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.